**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAROLE PRESLEY,**

               **Plaintiff,**

**-vs-**                                        **Case No. 6:12-cv-1849-Orl-18DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

               **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR AUTHORIZATION TO CHARGE A REASONABLE FEE PURSUANT TO 42 U.S.C. § 406(B) (Doc. 16)**
>
> **FILED:** June 3, 2015
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED as set forth below.**

Plaintiff's Motion for authorization to charge a reasonable fee follows the issuance of this Court's Report and Recommendation and Judge Sharp's Order granting the Commissioner's unopposed Motion to Remand, remanding the case pursuant to sentence six of 42 U.S.C. § 405(g) on the Commissioner's Motion. Doc. 13. The Order remanding the case was entered on April 2, 2013. Doc. 13.

Nearly two years later, on March 31, 2015, Plaintiff, who has since passed away, was granted past-due benefits, and her estate has been substituted in the case. See Docs. 14-4, 14-5 (substitution

of party signed by the Plaintiff's husband, Fred Presley). *See* Doc. 16. Even though Plaintiff had signed an attorney's fee agreement for 25% of past due, when the Social Security Administration issued the Notice of Award showing the calculation of past due benefits which would equal $132,866, the SSA mistakenly indicated that $3,216.50 was the maximum that the representative could charge. *See* Doc. 14.

Plaintiff's counsel contended that the SSA had made a typographical error, and the Notice of Award should have indicated $33,216.50. Doc. 14. Counsel "contacted the Social Security Administration, and was informed that a corrected version of the award letter would be prepared and forwarded to her." Doc. 14 at 2 n.1. Although counsel's mathematical calculation of her fee appeared to be correct, as of January 20, 2015, no other award letter had been received from the SSA and counsel filed the fee petition without the revised award letter so as to be in accordance with the 30 day filing deadline required by Court rules. Doc. 14. The Court denied without prejudice the Motion, granting Plaintiff leave to file the fee petition within 30 days of receipt of the revised Notice of Award with the correct calculation of attorney's fees. Doc. 15.

In this renewed unopposed Motion for Fees, Plaintiff's attorney, Shea Fugate, petitions this Court pursuant to 42 U.S.C. §406(b) for authorization to charge her client a fee for federal court representation in the amount of $27,962.81 ($33,216.50 - $5,253.69). Doc. 16. However, counsel does not address any potential award of § 406(a) fees by the Social Security, which also must be deducted from the cap of the 25% past due benefits. This fee is based on a contingency fee agreement between counsel and Plaintiff and counsel's calculations regarding past due benefits received by Plaintiff. Upon review and noting no objection, it is respectfully **RECOMMENDED** that the Motion be **GRANTED** with a proviso that counsel not seek any additional fee for administrative work from the SSA pursuant to § 406(a).

*Standards of Law*

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d) ("the EAJA"). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

According to Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment. The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner. Pursuant to the Order of the Chief United States District Judge dated November 13, 2012, counsel seeking fees under § 406(b) have 30 days in which to file a motion for approval of such fees no later than 30 days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees. *See In Re: Procedures*

*for Applying for Attorney's Fees Under 42 U.S.C. § § 406(b) and 1383(d)(2)*, Misc. Case No. 6:12-mc-124-Orl-22 (Nov. 14, 2012).  The petition of Plaintiff's counsel in this case was filed on June 3, 2015, within 30 days of receipt by Plaintiff's counsel of the fax on May 6, 2105, containing the Notice of Award to Petitioner dated March 31, 2015.  Doc. 16 ¶ 8.  The Commissioner has no objection to Plaintiff's request for fees.  Doc. 16 at 5.

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The former Fifth Circuit has held, in a decision binding on this Court[1], that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).  Thus, the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits.  *See Paltan v. Commissioner of Social Security,* 518 Fed. Appx. 673, 674-75 (11th Cir. 2013) (per curiam) (citing *Dawson* in affirming order that limited "the total amount of attorney's fees recoverable under 42 U.S.C. § 406(a), § 406(b), and the Equal Access to Justice Act (EAJA)" to 25% of the claimant's past-due benefits); *see also Bookman v. Commissioner of Social Security,* 490 Fed. Appx. 314 (11th Cir. 2012); *Carbonell v. Commissioner of Soc. Sec.*, Case No. 6:11-cv-400-22DAB, 2015 WL 631375

---

[1] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

(M.D.Fla. Feb. 13, 2015); *Bibber v. Commissioner of Soc. Sec.*, Case No. 6:12-cv-1337-37DAB, 2015 WL 476190 (M.D.Fla.. Feb. 5, 2015).

By contrast, the EAJA permits a *claimant* to seek an award of fees against *the government* for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. § 2412 note. *See also Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

As the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and "double dipping" under the EAJA is not allowed, the Court generally needs to know the amount awarded under § 406(a), if any, and amounts paid under EAJA, if any, as well as the total amount of past due benefits calculated by the agency, in order to evaluate the § 406(b) motion.

*Analysis*

Applied here, the court previously decided the case in Plaintiff's favor, with remand for further administrative proceedings. *See* Case No. 6:10-cv-351-Orl-18GJK. Counsel requested and received an award under the EAJA in the amount of $5,253.69. Doc. 16. On remand, the agency found Plaintiff to be disabled. Plaintiff's past due benefits amount to $132,866.00, 25% of which is $33,216.50. Doc. 16. In her motion, counsel seeks a net fee of $27,962.81 (25% of the past-due benefits minus the EAJA fees awarded).

Generally, any fee payable from Plaintiff's past due benefits should include deductions for the EAJA fee **and** the § 406(a) fee already paid to any counsel from Plaintiff's past due benefits, in accordance with the Eleventh Circuit's decision in *Paltan v. Commissioner of Social Security*, 518

Fed. Appx. 673, 674 (11th Cir. 2013), finding the *total fee* under Sections 406(a) *and* (b) cannot exceed 25% of the past-due benefits. Plaintiff's past due benefits amount to $132,866.00, 25% of which is $33,216.50. Doc. 16. In her motion, counsel seeks a net fee of $27,962.81 (25% of the past-due benefits minus the EAJA fees awarded). Plaintiff is entitled to a net fee of $27,962.81, however, she is not entitled to any additional amount –even under § 406(a) – that exceeds 25% of the past-due benefits minus the EAJA fee, or the net amount of $27,962.81. Doc. 16.

The Court notes Plaintiff's counsel erroneously contends that "§ 406(a) has nothing to do with the issue of reasonable fees for work done before this Court." Doc. 16 at 5. Although counsel recognizes *Dawson* is a binding case relating to the combined amount of 406(a) fees and 406(b) fees, counsel argues that since Petitioner has not received a 406(a) fee in the instant case, *Dawson* does not apply. Doc. 16 at 5. However, if *any* counsel received fees pursuant to § 406(a) for work at the administrative level, these fees would be credited against the current fee request. It is not clear from counsel's brief whether she intends to seek a fee award from the SSA for § 406(a) fees for representation before the SSA. As Judge Dalton explained in a case with a similar issue:

> As Magistrate Judge Baker notes, complying with *Dawson*'s aggregation limitation is ordinarily a straightforward arithmetic exercise; Social Security attorneys typically obtain a § 406(a) fee authorization before making their § 406(b) request, and thus courts can subtract the § 406(a) fee from 25 percent of the claimant's past-due benefits to determine the maximum allowable § 406(b) award. (See Doc. 28, p. 3.) Here though, by seeking a § 406(b) award prior to seeking a § 406(a) award, Culbertson has (intentionally) made that calculation impossible.
>
> The Court cannot permit Culbertson to circumvent the *Dawson* aggregate-fee limit by requesting § 406(b) fees prior to requesting § 406(a) fees. The 25-percent aggregate § 406 cap discussed in *Dawson* is not a technical formality; it is designed, among other things, to prevent attorneys from charging "inordinately large fees for representing claimants in Federal district court." 425 F.2d at 1194. As *Dawson* remains binding, the Court will not shirk its obligation to enforce the 25-percent cap.
>
> Based on Culbertson's representation that he intends to make his §§ 406 (a) and (b) requests in reverse order to circumvent the Dawson aggregation limit, the Magistrate Judge could reasonably have recommended denying Culbertson's § 406(b) fee request without prejudice to its reassertion after he either obtains a finite § 406(a) authorization from the Commissioner or agrees not to seek one, after which the Court

> would be able to make a concrete § 406(b) determination. However, the Magistrate Judge evidently elected not to recommend such a needless waste of judicial and administrative resources, and instead recommends authorizing the full § 406(b) award on the condition that Culbertson be precluded from seeking further § 406(a) fees. (See Doc. 28, p. 5.) The Court finds Magistrate Judge Baker's recommended approach to be reasonable and consistent with its obligations under *Dawson*, and thus it will adopt and confirm the R&R.
>
> Two final points require clarification. First, throughout his objection, Culbertson consistently refers to the approach recommended in the R&R as "barring the Commissioner from authorizing a fee for work done at the administrative level." (See, e.g., Doc. 29, p. 7.) To be clear, the Court is not barring the Commissioner from doing anything; it is barring Culbertson from accepting any part of the Court's § 406(b) award if he intends also to seek a § 406(a) award. . . . Second, Culbertson expresses concern that the § 406(b) award at issue will prevent him from obtaining § 406(a) fees for work done at the administrative level in the future. (See Doc. 29, p. 10.) That is not necessarily so. As expressed above, this Order is intended to limit Culbertson's aggregate § 406 fee to 25 percent of his client's past-due benefits. If Culbertson does future administrative work for his client that results in an increase in his client's past-due benefits, Culbertson is free to seek a corresponding increase in § 406 attorney's fees.

*Bibber,* 2015 WL 476190 at *2-3. Counsel in this case, Ms. Fugate, has not stated an intention to file for § 406(a) fees; however, to receive the maximum award allowable at this juncture, she should be precluded from the possibility of applying for § 406(a) fees subsequent to this § 406(b) award.

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739, 122 S.Ct. 1817 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriguez v. Bowen,* 865 F.2d 739, 746

(6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n.17.

Upon review of the supporting papers filed by Plaintiff's counsel and noting the lack of opposition by Commissioner to the amount of fees to be awarded, the Court finds that an award of **$27,962.81** is reasonable and an award is appropriate under § 406(b). Counsel states that she spent 30.7 hours on this case in the first appeal (Case No. 6:10-cv-351-ORL-GJK), an additional 33 hours representing Plaintiff before the Social Security Administration[2] and 2.8 hours in the current case before this Court, which was remanded pursuant to sentence six upon the Commissioner's Motion. Doc. 16 ¶ 11.

Counsel has practiced law for nineteen years since 1996[3] and limits her practice almost exclusively to representing disabled people. Doc. 16 at 7. Plaintiff's case was complex and she had an extensive medical history, having been treated for hypertension, degenerative disc disease, gastroesophageal reflux disease, and multiple sclerosis, diagnosed around the time of ALJ's hearing. Case No. 6:10-cv-351, Doc. 23, 25. Plaintiff alleged an onset of disability on December 25, 2004, and after a hearing before the ALJ, the Appeals Council remanded the case to the ALJ on March 28, 2008; the first appeal of the ALJ's decision was reversed and remanded by the court to the SSA on August 4, 2011. *Id.* The ALJ failed to correctly assess the opinions of Plaintiff's treating physicians. including her neurologist, Dr. Rosenthal, who diagnosed and treated Plaintiff's multiple sclerosis, and

---

[2]While the Court would not normally consider hours incurred for work before the SSA, in this case, the Court is recommending that Plaintiff not be additionally compensated for these hours in any § 406(a) application

[3]*See* Florida Bar website, attorney search.

erroneously gave greater weight to the opinion of a non-examining physician. *Id*. Following the subsequent denial of benefits, Plaintiff filed her second appeal which was remanded on Motion of the Commissioner pursuant to Sentence Six because significant portions of the recording were inaudible and the SSA intended to remand the case to an ALJ for a *de novo* hearing; Plaintiff was subsequently awarded benefits. Doc. 11. Thus, eleven years after applying for benefits in September 2004, Plaintiff has since passed away and her estate has finally received the past due benefits award. Doc. 16.

Through counsel's efforts, the decision of the ALJ/Appeals Council was reversed and remanded once based on sentence four of 42 U.S.C. §405(g) and the case remanded a second time based on sentence six of 42 U.S.C. §405(g), before a new hearing and an award f benefits. Plaintiff's estate has received an award totaling $132,866 in past-due benefits. Doc. 16. While the award amounts to a handsome hourly rate, the fee is not a windfall and is consistent with that agreed to by Plaintiff (and her husband) and uncontested by the Commissioner. Moreover, it is comparable to § 406(b)(1) fees approved pursuant to contingent fee arrangements in other Social Security cases in this District. *See, e.g., Gorgoglione v. Commissioner,* No. 8:13-CV-953-T-33TBS, 2015 WL 2094909 (M.D.Fla. May 5, 2015) ($25,325.72); *Bibber*, 2015 WL 476190 at *6 ($24,386); *Taggart v. Commissioner*, No. 6:12–cv–1068–Orl–TBS, 2014 WL 5320556, at *1 (M.D.Fla. Oct.17, 2014) ($24,580.25); *Hatchett v. Commissioner*, No. 6:11–cv–1810–Orl–18TBS, 2014 WL 293464, at *2 (M.D.Fla. Jan. 27, 2014) ($23,180); *White v. Commissioner*, No. 6:09–cv–1208–Orl–28GJK, 2012 WL 1900562, at *6 (M.D.Fla. May 2, 2012) ($36,680.78); *McKee v. Commissioner*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *7 (M.D.Fla. Sept. 30, 2008) ($20,768.00, less EAJA fees). The Court finds that the sum sought is reasonable and an award is appropriate under § 406(b).

Accordingly, it is respectfully **RECOMMENDED** that the motion be **GRANTED in part** and the judgment be entered to award fees pursuant to 42 U.S.C. § 406(b) in the amount of

**$33,216.50, with counsel to refund or deduct the previous EAJA award of $5,253.69**, for a net award to counsel of **$27,962.81**; Plaintiff's counsel be barred from any further request for § 406(a), and counsel for both parties be directed to advise the agency of this preclusion as part of the Court's award. It is also **recommende**d that the case be adminstratively reopened and then finally closed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**RECOMMENDED** in Orlando, Florida on June 17, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record